# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

XR COMMUNICATIONS, LLC, dba
VIVATO TECHNOLOGIES,

       Plaintiff,

v.

T-MOBILE USA, INC.,

       Defendants.

Civil Action No. 2:23-CV-00204-JRG

**JURY TRIAL DEMANDED**

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant T-Mobile USA, Inc. ("Defendant" or "T-Mobile") answers Plaintiff XR Communications, LLC dba Vivato Technologies' ("XR" or "Plaintiff") Complaint for Patent Infringement ("Complaint") against Defendant as follows.  Except as hereinafter specifically admitted, qualified, or affirmatively alleged, Defendant denies each and every allegation, matter, or thing contained in the Complaint.  Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts.

### INTRODUCTION[1]

1.      T-Mobile admits that the Complaint purports to make a claim for patent infringement of U.S. Patent Nos. 8,737,511 (the "'511 Patent"), 10,715,235 (the "'235 Patent"), 10,594,376 (the "'376 Patent"), 7,177,369 (the "'369 Patent"), and 8,289,939 (the "'939 Patent"),

---

[1] Headings and subheadings are copied from the Complaint for ease of reference only.  These headings and subheadings do not require any response and do not constitute an admission or denial of any purported fact or allegation.  To the extent a response is required to any allegation in the Complaint's headings or subheadings, T-Mobile denies those allegations.

and collectively refers to the patents as the "Asserted Patents." T-Mobile lacks knowledge or information sufficient to form a belief as to the ownership of the Asserted Patents. T-Mobile denies it has infringed any of the Asserted Patents and denies any remaining allegations in Paragraph 1.

2.      This paragraph includes subjective characterizations to which no response is required. To the extent a response is required, T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies them.

3.      To the extent the allegations of this paragraph purport to characterize the contents of written documents, those documents speak for themselves.  T-Mobile admits that Guglielmo Marconi was granted a British Patent (No. 12039), but denies that it occurred in 1896. T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3, and therefore denies them.

4.      This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of written documents, those documents speak for themselves.  T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4, and therefore denies them.

5.      This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of written documents, those documents speak for themselves.  T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5, and therefore denies them.

6.      T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and therefore denies them.

7.      T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies them.

8.      T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies them.

9.      This paragraph contains legal conclusions to which no response is required.  T-Mobile specifically denies that it has committed any acts of infringement in this or any District. T-Mobile denies the remaining allegations of Paragraph 9.

## THE PARTIES

10.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore denies them.

11.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and therefore denies them.

12.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore denies them.

13.      T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and therefore denies them.

14.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and therefore denies them.

15.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and therefore denies them.

16.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore denies them.

17.     T-Mobile admits that T-Mobile USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 12920 S.E. 38th

Street, Bellevue, Washington 98006, and has designated Corporation Service Company as its agent

for service of process.   T-Mobile admits that T-Mobile USA, Inc. has been registered to do

business in the state of Texas under Texas SOS file number 12958406.  T-Mobile admits that T-

Mobile USA, Inc. operates a wireless telecommunications network that provides services to

customers in the Eastern District of Texas.   T-Mobile denies the remaining allegations of

Paragraph 17.

18.     T-Mobile admits that T-Mobile US, Inc.[2] is a corporation organized and existing

under the laws of the State of Delaware, with its principal place of business at 12920 S.E. 38th

Street, Bellevue, Washington 98006.  It is unclear what Plaintiff means when it avers that T-Mobile

US, Inc. "is the ultimate parent corporation, either directly or indirectly, of Defendant," and

therefore, T-Mobile denies this allegation.

## JURISDICTION AND VENUE

19.     T-Mobile admits that the Complaint purports to state a claim for patent

infringement arising under Title 35 of the United States Code. T-Mobile specifically denies that it

has committed any act of infringement of the Asserted Patents.  T-Mobile admits that this Court

has subject matter jurisdiction over patent-law claims generally pursuant to 28 U.S.C. §§ 1331 and

1338(a), but denies that Plaintiff is entitled to any relief.  Except as expressly admitted, T-Mobile

denies the remaining allegations set forth in Paragraph 19.

20.     To the extent that the allegations of Paragraph 20 of the Complaint set forth legal

conclusions, no response is required. For purposes of this action only, T-Mobile does not challenge

that T-Mobile is subject to specific personal jurisdiction within this District.  T-Mobile admits that

---

[2] T-Mobile US, Inc. is a holding company that does not provide any products, services, or
networks, and it is not a named Defendant in this case.

T-Mobile USA, Inc. operates a wireless telecommunications network that provides services to customers in the Eastern District of Texas. T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the remaining allegations set forth in Paragraph 20.

21.     To the extent that the allegations of Paragraph 21 of the Complaint set forth legal conclusions, no response is required. T-Mobile admits that T-Mobile USA, Inc. operates a wireless telecommunications network that provides services to customers in the Eastern District of Texas. T-Mobile denies that T-Mobile USA, Inc. placed products and/or services into the stream of commerce that practice the Asserted Patents. T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the remaining allegations set forth in Paragraph 21.

22.     To the extent that the allegations of Paragraph 22 of the Complaint set forth legal conclusions, no response is required.  T-Mobile denies that it engages in any acts of infringement in this District or elsewhere.  T-Mobile, however, does not contest whether venue in this District is proper pursuant to 28 U.S.C. § 1400(b) for purposes of this action only; but it does deny that this is the most convenient forum in which to try this case.  T-Mobile admits that T-Mobile USA, Inc. operates a wireless telecommunications network that provides services to customers and has retail stores in the Eastern District of Texas.  T-Mobile denies the remaining allegations set forth in Paragraph 22.

23.     T-Mobile admits that T-Mobile USA, Inc. operates a wireless telecommunications network that provides services to customers in the Eastern District of Texas.  T-Mobile denies the remaining allegations set forth in Paragraph 23.

24.     To the extent that the allegations of Paragraph 24 of the Complaint set forth legal conclusions, no response is required.  T-Mobile admits that for purposes of that action only, it did

not contest venue in the *Cobblestone* matter identified in this paragraph.  T-Mobile denies the remaining allegations set forth in Paragraph 24.

25.     To the extent the allegations of this paragraph purport to characterize the contents of written documents, those documents speak for themselves.  T-Mobile admits that T-Mobile USA, Inc. operates a wireless telecommunications network that provides services to customers in the Eastern District of Texas. T-Mobile denies all remaining allegations of Paragraph 25.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 8,737,511**

26.     No response is required to Plaintiff's reference and incorporation of Paragraphs above. To the extent a response is deemed required, T-Mobile repeats and incorporates by reference, as if fully set forth herein, their answers to Paragraphs 1-25, as set forth above.

27.     T-Mobile admits that Exhibit 1 to the Complaint purports to be a true and correct copy of U.S. Patent No. 8,737,511 (the "'511 Patent") entitled "Directed MIMO Communications." T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27, and therefore denies them.

28.     T-Mobile denies the allegations in Paragraph 28 of the Complaint.

29.     T-Mobile denies the allegations in Paragraph 29 of the Complaint.

30.     T-Mobile denies the allegations in Paragraph 30 of the Complaint.

31.     T-Mobile admits that Exhibit 2 attached to the Complaint purports to be a claim chart related to the '511 Patent. T-Mobile denies the remaining allegations in Paragraph 31 of the Complaint.

32.     T-Mobile denies the allegations in Paragraph 32 of the Complaint.

33.     T-Mobile denies the allegations in Paragraph 33 of the Complaint.

34.     T-Mobile denies the allegations in Paragraph 34 of the Complaint.

35.     T-Mobile denies the allegations in Paragraph 35 of the Complaint.

## COUNT II
### INFRINGEMENT OF U.S. PATENT NO. 10,715,235

36.     No response is required to Plaintiff's reference and incorporation of Paragraphs above. To the extent a response is deemed required, T-Mobile repeats and incorporates by reference, as if fully set forth herein, their answers to Paragraphs 1-35, as set forth above.

37.     T-Mobile admits that Exhibit 3 to the Complaint purports to be a true and correct copy of U.S. Patent No. 10,715,235 (the "'235 Patent") entitled "Directed Wireless Communications." T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37, and therefore denies them.

38.     T-Mobile denies the allegations in Paragraph 38 of the Complaint.

39.     T-Mobile denies the allegations in Paragraph 39 of the Complaint.

40.     T-Mobile denies the allegations in Paragraph 40 of the Complaint.

41.     T-Mobile admits that Exhibit 4 attached to the Complaint purports to be a claim chart related to the '235 Patent. T-Mobile denies the remaining allegations in Paragraph 41 of the Complaint.

42.     T-Mobile denies the allegations in Paragraph 42 of the Complaint.

43.     T-Mobile denies the allegations in Paragraph 43 of the Complaint.

44.     T-Mobile denies the allegations in Paragraph 44 of the Complaint.

45.     T-Mobile denies the allegations in Paragraph 45 of the Complaint.

## COUNT III
### INFRINGEMENT OF U.S. PATENT NO. 10,594,376

46.     No response is required to Plaintiff's reference and incorporation of the Paragraphs above. To the extent a response is deemed required, T-Mobile repeats and incorporates by reference, as if fully set forth herein, their answers to Paragraphs 1- 45, as set forth above.

47.     T-Mobile admits that Exhibit 5 to the Complaint purports to be a true and correct copy of U.S. Patent No. 10,594,376 (the "'376 Patent") entitled "Directed Wireless Communications." T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47, and therefore denies them.

48.     T-Mobile denies the allegations in Paragraph 48 of the Complaint.

49.     T-Mobile denies the allegations in Paragraph 49 of the Complaint.

50.     T-Mobile denies the allegations in Paragraph 50 of the Complaint.

51.     T-Mobile admits that Exhibit 6 attached to the Complaint purports to be a claim chart related to the '376 Patent. T-Mobile denies the remaining allegations in Paragraph 51 of the Complaint.

52.     T-Mobile denies the allegations in Paragraph 52 of the Complaint.

53.     T-Mobile denies the allegations in Paragraph 53 of the Complaint.

54.     T-Mobile denies the allegations in Paragraph 54 of the Complaint.

55.     T-Mobile denies the allegations in Paragraph 55 of the Complaint.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 7,177,369

56.     No response is required to Plaintiff's reference and incorporation of Paragraphs above. To the extent a response is deemed required, T-Mobile repeats and incorporates by reference, as if fully set forth herein, their answers to Paragraphs 1-56, as set forth above.

57.     T-Mobile admits that Exhibit 7 to the Complaint purports to be a true and correct copy of U.S. Patent No. 7,177,369 (the "'369 Patent") entitled "Multipath Communication Methods and Apparatuses." T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57, and therefore denies them.

58.     T-Mobile denies the allegations in Paragraph 58 of the Complaint.

59.     T-Mobile denies the allegations in Paragraph 59 of the Complaint.

60.     T-Mobile denies the allegations in Paragraph 60 of the Complaint.

61.     T-Mobile admits that Exhibit 8 attached to the Complaint purports to be a claim chart related to the '369 Patent. T-Mobile denies the remaining allegations in Paragraph 61 of the Complaint.

62.     T-Mobile denies the allegations in Paragraph 62 of the Complaint.

63.     T-Mobile denies the allegations in Paragraph 63 of the Complaint.

64.     T-Mobile denies the allegations in Paragraph 64 of the Complaint.

65.     T-Mobile denies the allegations in Paragraph 65 of the Complaint.

**COUNT V**
**INFRINGEMENT OF U.S. PATENT NO. 9,289,939[3]**

66.     No response is required to Plaintiff's reference and incorporation of Paragraphs above. To the extent a response is deemed required, T-Mobile repeats and incorporates by reference, as if fully set forth herein, their answers to Paragraphs 1-66, as set forth above.

67.     T-Mobile denies that Exhibit 9 to the Complaint attaches a true and correct copy of U.S. Patent No. 9,289,939. T-Mobile admits that Exhibit 9 to the Complaint purports to be a true and correct copy of U.S. Patent No. 8,289,939 (the "'939 Patent") entitled "Signal Communication Coordination." T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 67, and therefore denies them.

68.     T-Mobile denies the allegations in Paragraph 68 of the Complaint.

69.     T-Mobile denies the allegations in Paragraph 69 of the Complaint.

70.     T-Mobile denies the allegations in Paragraph 70 of the Complaint.

---

[3] T-Mobile copies Plaintiff's Headings for ease of reference, but notes that the Asserted Patent in Count V is U.S. Patent No. 8,289,939, not 9,289,939.

71.     T-Mobile admits that Exhibit 2 attached to the Complaint purports to be a claim chart related to the '939 Patent. T-Mobile denies the remaining allegations in Paragraph 71 of the Complaint.

72.     T-Mobile denies the allegations in Paragraph 72 of the Complaint.

73.     T-Mobile denies the allegations in Paragraph 73 of the Complaint.

74.     T-Mobile denies the allegations in Paragraph 74 of the Complaint.

75.     T-Mobile denies the allegations in Paragraph 75 of the Complaint.

## PRAYER FOR RELIEF

These Paragraphs set forth the statement of relief requested by Plaintiff to which no response is required. T-Mobile denies that Plaintiff is entitled to any relief and specifically denies all the allegations and prayers for relief contained in Paragraphs (a) through (f) of Plaintiff's Prayer for Relief.

## DEFENSES

Subject to the responses above, T-Mobile alleges and asserts the following defenses in response to the allegations, without admitting or acknowledging that T-Mobile bears the burden of proof as to any of them or that any must be pleaded as defenses. T-Mobile specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE
## (NO INFRINGEMENT)

76.     T-Mobile has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents, in any manner under any section of 35 U.S.C. § 271, including 35 U.S.C. §271(a), (b), and/or (c), willfully or otherwise. T-Mobile has not performed any act and is not proposing to perform any act in violation of any rights validly belong to Plaintiff.

77.      T-Mobile does not indirectly infringe any asserted claim and, in particular, does not induce any third party to perform all of the required steps of any asserted method claims while using any of the accused products.

78.      T-Mobile has not infringed and does not infringe either literally or by the doctrine of equivalents.

79.      T-Mobile does not supply any component that contributes to infringement of any valid claim of the Asserted Patents.

**SECOND DEFENSE**
**(INVALIDITY)**

80.      The asserted claims of the Asserted Patents are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of the following: 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, each claim is invalid in view of the references cited by the Examiner and arguments made by the Applicants during prosecution of the applications that issued as the Asserted Patents.

**THIRD DEFENSE**
**(NOTICE, DAMAGES, AND COSTS)**

81.      Plaintiff's claims for damages are statutorily limited under 35 U.S.C. §§ 252, 286, 287, or 307.  To the extent Plaintiff or its licensees have failed to comply with the marking and notice requirements of 35 U.S.C. § 287(a), Plaintiff's requested relief is barred, in whole or in part, for any damages arising from T-Mobile's alleged infringement prior to at least the date of the filing of the original Complaint or otherwise limited by 35 U.S.C. § 286.

82.      Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

83.      Plaintiff's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double recovery.

**FOURTH DEFENSE**
**(PROSECUTION HISTORY ESTOPPEL)**

84.     Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the Asserted Patents before the United States Patent and Trademark Office and/or during the prosecution of related patent applications.

**FIFTH DEFENSE**
**(FAILURE TO STATE A CLAIM)**

85.     The Complaint fails to state a claim upon which relief can be granted.

**SIXTH DEFENSE**
**(LICENSE, IMPLIED LICENSE, AND/OR EXHAUSTION)**

86.     Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to T-Mobile by any entity or entities having express or implied licenses or covenant not to sue or assert to the Asserted Patents and/or (ii) under the doctrine of patent exhaustion. Additionally, Plaintiff's claims for patent infringement are precluded in whole or in part to any direct licenses or agreements/covenants not to sue that pertain to T-Mobile.

**SEVENTH DEFENSE**
**(INEQUITABLE CONDUCT)**

87.     Plaintiff's enforcement of at least the '235 Patent, the '376 Patent, and the '939 Patent is barred by inequitable conduct, as follows:

88.     The '235, '376, and '939 Patents all ultimately arose from applications originally filed in 2003 as Application Serial Numbers 10/700,329 for the '235 and '376 Patents and 10/700,342, for the '939 Patent.

89.     By fall of 2007, the '329 and '342 applications were owned by Vivato Networks, Inc.

90.     In November 2007, Aequitas Capital Management, Inc. ("Aequitas Capital") agreed to loan up to $1,000,000 to Vivato Networks, with an initial advance of $300,000, secured in part by the patent applications.

91.     In December 2007, Vivato Networks merged with Catcher Holdings, Inc. ("Catcher"), and transferred the patent applications to Vivato Networks Holdings, Inc. ("Vivato Holdings"). Vivato Holdings granted Catcher the exclusive right to prosecute the applications.  On April 1, 2008, Catcher ceased operations and terminated all employees due to a lack of working capital.

92.      In late April or early May 2008, Brooks withdrew as the attorney of record for the '329 and '342 applications.

93.     In June 2008, Aequitas Equipment Finance, LLC ("Aequitas"), assignee of Aequitas Capital's security interest in the applications, sought to foreclose on the '329 and '342 applications, each of which became abandoned between June and July 2008 for failure to respond to office actions from the United States Patent and Trademark Office ("USPTO").

94.     In April 2009, Aequitas obtained a foreclosure judgment against Vivato Networks and Vivato Holdings, and took titled of the abandoned applications through a sheriff's sale.

95.     In fall 2009, Carl J. Schwedler, attorney for Aequitas, filed petitions to revive the '329 and '342 applications.  As part of each of those petitions, Schwedler represented that the entire period of delay from the due date for filing a reply to the pending USPTO office actions to the date of the petitions, was unintentional under 37 C.F.R. § 1.137(b)(4).

96.     Upon information and belief, Schwedler's representation that the delay in prosecuting the applications was unintentional was false.

97.     The USPTO granted the petitions filed by Aequitas to revive the '342 application, but denied the petition to revive the '329 application.  In December 2009, Aequitas sold its patent portfolio (including the revived '342 application and the still-abandoned '329 application) to Plaintiff XR.

98.     In 2010, XR took responsibility for prosecuting the patent applications.

99.     On November 8, 2010, Daniel P. Burke, an attorney for XR, filed a renewed petition to revive the '329 application.  In doing so, Burke represented to the USPTO that the entire period of delay from the due date for filing a reply to the pending USPTO office action to the date of the petition was unintentional.

100.    Upon information and belief, Burke's representation that delay in prosecuting the applications was unintentional was false, and XR itself would not have had knowledge of the circumstances surrounding the abandonment of the applications.

101.    Upon information and belief, the delay that resulted in abandonment of the '329 and '342 applications was not unintentional.

102.    Catcher's SEC filings reflect that, at least as of September 2007, it likely had sufficient funds to pay for prosecution of the applications.  Moreover, Catcher's wholly-owned subsidiary Vivato Networks had received an agreement for a $1,000,000 loan in November 2007 (with $300,000 advances), which could have been used to pay for prosecution of the '329 and '342 applications.

103.    Therefore, upon information and belief, Aequitas and XR falsely certified that the entire period of delay in replying to the PTO was unintentional.

104.    Upon information and belief, the false representations that the entire period of delay in responding to the USPTO with respect to the '329, and '342 applications was unintentional were

14

made with intent to deceive the USPTO into granting the petitions to revive. Specifically, upon

information and belief, the following petitions to revive (and requests for reconsideration)

contained knowingly false statements made with intent to deceive, and were material to the

USPTO's decision to revive the applications and ultimately issue the Patents-in-Suit:

      a.    The petition to revive the '329 application, filed on August 28, 2009 by Schwedler;

      b.    The petition to revive the '342 application, filed on November 3, 2009 by Schwedler;

      c.    The request for reconsideration of the dismissal of the petition to revive the '329 application, filed on November 18, 2009 by Schwedler; and

      d.    The renewed petition to revive the '329 application, filed on November 8, 2010 by Burke.

105.    Upon information and belief, the false representations that the entire period of delay

in responding to the USPTO with respect to the '329 and '342 applications was unintentional were

material to the USPTO, because without that false representation the USPTO would not have

ultimately granted the petitions to revive and the '235, '376, and '939 Patents never would have

issued.

106.    Accordingly, upon information and belief, Aequitas, XR and their counsel engaged

in inequitable conduct in reviving the '329 and '342 applications.

**EIGHTH DEFENSE**
**(STATUTORY LIMITATIONS)**

107.    To the extent certain equipment accused of infringing the Asserted Patents are used

by and/or manufactured for the United States Government and/or public good, Plaintiff's claims

involving T-Mobile may not be pursued in this Court and are subject to other limitations pursuant

to 28 U.S.C. § 1498.

15

## NINTH DEFENSE
## (NO ENTITLEMENT TO INJUNCTIVE RELIEF)

108.    XR is not entitled to injunctive relief.  Under *eBay v. MercExchange*, LLC, 547

U.S. 388 (2006), any alleged injury to XR would not be immediate or irreparable, XR would have

an adequate remedy at law, and the balance of hardships does not warrant injunctive relief.

## RESERVATION OF DEFENSES

T-Mobile hereby reserves the right to supplement defenses as discovery proceeds in this

case.

## PRAYER FOR RELIEF

WHEREFORE, T-Mobile prays for judgment as follows:

a.    A judgment dismissing Plaintiff's Complaint with prejudice;

b.    A judgment in favor of T-Mobile on all of their Defenses;

c.    A judgment that T-Mobile has not infringed, contributed to the infringement of, or

induced others to infringe, either directly or indirectly, any valid claims of the

Asserted Patents;

d.    A judgment that the Asserted Patents are invalid;

e.    A judgment that the Asserted Patents are unenforceable;

f.    An award to T-Mobile of their fees and expenses of litigation;

g.    A judgment limiting or barring Plaintiff's ability to enforce the Asserted Patents

in equity;

h    Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38,

Defendants respectfully demand a jury trial of all issues triable to a jury in this action.

Dated: July 14, 2023

Respectfully submitted,

*/s/ Melissa R. Smith*

Melissa R. Smith
Texas Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257
melissa@gillamsmithlaw.com

*Counsel for Defendant T-Mobile USA, Inc.*

17

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that all counsel of record who are deemed to have consented to

electronic service are being served with a copy of this document via the Court's CM/ECF system

per Local Rule CV-5(a)(3) on July 14, 2023.

/s/ Melissa R. Smith
Melissa R. Smith